**ORIGINAL**

# In the United States Court of Federal Claims

No. 18-535C (Pro Se)

(Filed: July 12, 2018 | Not For Publication)

|  |  |
|---|---|
| BRYAN LEE JAMES, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Keywords: Pro Se Complaint; Subject Matter Jurisdiction; SORNA; Fifth Amendment; Due Process Clause; Double Jeopardy Clause; Eighth Amendment; Tort Claims. <br><br> **FILED** <br> JUL 1 2 2018 <br> U.S. COURT OF FEDERAL CLAIMS |

*Bryan Lee James*, Hamlet, NC, pro se.

*Eric J. Singley*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, with whom were *Lisa L. Donohue*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Judge.**

    This case is currently before the Court on the government's motion to dismiss for lack of subject matter jurisdiction in accordance with Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC). The Plaintiff, Bryan Lee James, claims that as a result of his conviction for an unspecified sex offense, his name was added to the sex offender registry in accordance with the Sex Offender Registry and Notification Act (SORNA), which is Title I of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248 (codified at 34 U.S.C. §§ 20911–62). See Compl. at 4, Docket No. 1. In addition, Mr. James alleges, as result of SORNA, he has been compelled to provide his address, photo, employment status and a DNA sample since he was released from prison in 2013. Id.

    In his complaint, Mr. James challenges the constitutionality of SORNA, alleging that the Act violates the due process and double jeopardy clauses of the Fifth Amendment, as well as the Eight Amendment's prohibition against cruel and unusual punishment. Id. He seeks the "abolishment" of SORNA, $200,000 in compensatory damages for emotional and physical distress, and his temporary removal from the registry during the pendency of this action. Id. at 3.

7017 1450 0000 1346 2281

For the reasons set forth below, this Court lacks jurisdiction over Mr. James's claims. Therefore, the government's motion to dismiss is **GRANTED** and the case is dismissed without prejudice.[1]

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).The court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs (as is this one), are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. See Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act thus waives the sovereign immunity of the United States to allow a suit for money damages. United States v. Mitchell, 463 U.S. 206, 212 (1983). However, the Tucker Act does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff cannot invoke the court's Tucker Act jurisdiction unless he or she can identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008); see also Golden Pacific Bancorp v. United States, 15 F.3d 1066, 1076 (Fed. Cir. 1994).

In this case, the Court lacks jurisdiction over Mr. James's constitutional claims because none of the provisions upon which he relies supply an independent source of a substantive right to money damages. See Collins v. United States, 67 F.3d 284, 288 (Fed. Cir. 1995) (due process clause is not money mandating); James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998) (double jeopardy clause is not money-mandating); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (the Eighth Amendment is not a money-mandating provision). Further, Mr. James's claims for damages for emotional and physical distress sound in tort and are therefore also outside of this Court's jurisdiction. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (Court of Federal Claims lacks jurisdiction over tort actions against the United States) (citing 28 U.S.C. § 1491(a) and Keene Corp. v. United States, 508 U.S. 200, 214 (1993))). And finally, because Mr. James has not articulated a claim for which this Court has the authority to grant monetary relief, his requests for injunctive relief are also not within this Court's jurisdiction. See James, 159 F.3d at 580 (observing that "the Court of Federal Claims has

---

[1] Mr. James has also filed a motion to proceed in forma pauperis (Docket No. 4), which the Court **GRANTS**.

no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" (quoting Austin v. United States, 206 Ct. Cl. 719, 723 (1975))).

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss is **GRANTED** and the case is dismissed without prejudice. The Clerk is directed to enter judgment accordingly. Each side to bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge